IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLASSANE KOUYATE,

        Petitioner,

        v.

LEONARD ODDO, *et al.*

        Respondents.

3:26-CV-00890-CCW

## ORDER

Before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a native of Mali, is currently detained at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. ECF No. 1 ¶¶ 2, 4. Petitioner entered the United States without inspection at an unknown location and on an unknown date. ECF No. 6-1 ¶ 2. The Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner on April 25, 2024. *Id.* ¶ 3. Petitioner subsequently applied for asylum and withholding from removal. *Id.* ¶ 4. On December 9, 2025, an immigration judge ("IJ") denied Petitioner's application for asylum and ordered Petitioner removed to Mali. *Id.* Petitioner reserved his right to appeal the IJ's decision to the Board of Immigration Appeals ("BIA") but did not file such appeal. *Id.* ¶ 5. Petitioner's removal order thus became administratively final on January 8, 2026. *Id.*

DHS and ICE coordinated with the Embassy of Mali to obtain the documents necessary to effectuate Petitioner's removal to Mali. *Id.* ¶¶ 6–10. On April 17, 2026, Petitioner was transported to John F. Kennedy International Airport, where he was scheduled to board a commercial flight to a final destination of Bamako, Mali. *Id.* ¶ 11. Petitioner refused to board the flight. *Id.* ¶ 12. On April 21, 2026, Petitioner was notified that he has been placed in "failure to comply" status as a

result of his refusal to board the flight.  *Id.* ¶ 13.  Respondents aver that Petitioner's removal to Mali will occur once an ICE charter flight is scheduled.  *Id.* ¶ 14.

Once a noncitizen's order of removal becomes final, the noncitizen is subject to mandatory detention during a 90-day removal period under 8 U.S.C. § 1231(a)(2).  Once the removal period expires, DHS may continue to detain the noncitizen under 8 U.S.C. § 1231(a)(6).  Although § 1231(a)(6) does not include a temporal limitation on the government's ability to detain the noncitizen during the post-removal period, in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future."  Under *Zadvydas*, once the six-month period expires, a noncitizen seeking relief must first present the Court with "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]"  *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701).  Where a noncitizen meets this initial burden, the Government can establish its continued authority to detain the noncitizen only if the Government can rebut his evidence and show that the noncitizen's removal remains likely in the reasonably foreseeable future.  *Id*.  And "the longer an alien is detained, the less he must put forward to obtain relief."  *Id*. at 277.

Here, Petitioner's post-removal detention ended on April 8, 2026, 90 days after Petitioner's removal order became administratively final.  Thus, Petitioner's post-removal detention has not yet exceeded the sixth month presumptively reasonable period.  And, even if it had, Petitioner would still not be entitled to relief under *Zadvydas*, because Petitioner fails to show that there is no significant likelihood of his removal in the reasonably foreseeable future.  Petitioner has already received the travel documents necessary for his removal, and Respondents anticipate that

2

Petitioner's removal is "imminent" and will occur "once an ICE Charter flight is scheduled." ECF No. 6-1 ¶¶ 14–15. Accordingly, because Petitioner has failed to meet his burden of demonstrating that there is no significant likelihood of his removal in the reasonably foreseeable future, Petitioner fails to show that his ongoing detention is unreasonable under *Zadvydas*. *See Lai v. Oddo et al*, No. 3:26-CV-84, ECF No. 21 (W.D. Pa. Feb. 18, 2026) (Wiegand, J.) (Post-removal detention of over 8 months reasonable where Petitioner "failed to show that there is no significant likelihood of his removal in the reasonably foreseeable future."); *Bodnari v. Noem*, No. 3:24-CV-163, 2025 WL 317985, at *3 (W.D. Pa. Jan. 28, 2025) (Haines, J.) ("In instances where an alien is unable to produce evidence demonstrating good cause to believe that there is no significant likelihood of removal in the reasonably foreseeable future, courts have sustained continuing periods of detention pending removal well beyond the six-month time frame described as presumptively reasonable by the Supreme Court in *Zadvydas*.") (quoting *Kamara v. Warden, Clinton Cnty. Corr. Facility*, No. 1:21-CV-4, 2021 WL 1971502, at *9 (M.D. Pa. Apr. 12, 2021)).[1]

Accordingly, IT IS HEREBY ORDERED that the Petition, ECF No. 1, is DENIED WITH PREJUDICE.

DATED this 5th day of June, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

---

[1] Respondents also invoke case law that, "when an alien obstructs his removal, he cannot meet his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future." *Hydara v.* Gonzales, No. 07-CV-941, 2007 WL 2409664, *2 (D. Minn. Aug. 21, 2007). Given Petitioner's previous refusal to board the flight that was to take him to Mali, Petitioner's noncooperation is an additional reason he fails to show that there is no significant likelihood of his removal in the reasonably foreseeable future.

cc (via ECF email notification):

All Counsel of Record

cc (via United States Mail)

Allasane Kouyate, *pro se*
A-245-998-764
Moshannon Valley Processing Center
LEGAL MAIL- Open in Presence of Detainee
555 GEO Drive
Philipsburg, PA 16866